IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NATHAN BRUNSWICK**, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> **UNISYS CORPORATION**, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:23-cv-00289-JNP-JCB <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Jared C. Bennett |

Before the Court is parties' Stipulated Motion for Conditional Certification and Authorization of Notice Pursuant to 29 U.S.C. § 216(b) (the "Stipulated Motion") (ECF No. 57). For the reasons set forth in the Stipulated Motion, and for good cause shown, the court GRANTS the Stipulated Motion. Accordingly, IT IS HEREBY ORDERED that:

1. Conditional certification in this proposed collective action shall be GRANTED pursuant to 29 U.S.C. § 216(b) for the following FLSA Collective for the purpose of sending notice only:[1]

   *All current and former employees of Unisys Corporation who worked as Services Support Representatives ("SSRs") in Utah, either remotely or at a call center, at any time in the last three years.*

2. Unisys, within thirty (30) calendar days of the date of this Order, shall provide an electronic list in Excel format including each applicable SSR's full name, last known address, and last known personal email address (if known) (the "Collective List") to

---

[1] The single FLSA Collective definition used for the purpose of sending notice shall not bind any party as to the appropriate FLSA Collective definition(s) on a motion for final certification or decertification under the FLSA and is being used solely for purposes of efficiency in expeditiously sending notice to all potential opt-in Plaintiffs. The Parties shall meet and confer regarding the appropriate FLSA Collective definitions after the close of the Notice period.

Epiq Global ("Third-Party Administrator") for all current or former SSRs who either (a) have worked at a physical Utah call center as SSRs in the three years preceding the date of this stipulation, or (b) have lived in Utah, according to Unisys's records, and worked remotely as SSRs in the three years preceding the date of this stipulation.

3. The Third-Party Administrator shall mail the Notice and Consent to Sue form attached as Exhibit 1 to the Stipulated Motion (the "Notice") to the individuals on the Collective List via First Class Mail and email within ten (10) calendar days of receipt of the Collective List. Each mailing will include a pre-paid return envelope addressed to the Third-Party Administrator.

4. The date that the Third-Party Administrator receives a Consent to Sue form shall be treated as the applicable date for calculating the statute of limitations for the respective individual on the Collective List, even if the Consent to Sue form is not filed by Plaintiff's Counsel with the Court until up to 14 days later. At least once each week, the Third-Party Administrator shall concurrently provide to the parties' counsel copies of all Consent to Sue forms received by the Third-Party Administrator in the preceding seven days by electronic means and by regular U.S. Mail. Plaintiff's Counsel shall file any such Consent to Sue forms within seven days thereafter. In the event a Notice is returned to the Third-Party Administrator from an individual not on the Collective List, the Third-Party Administrator shall notify the parties within seven calendar days. The parties shall meet and confer regarding any individual who returns a Consent to Sue form but was not on the list provided by Unisys to the Third-Party Administrator.

5. In the event Notices are returned to the Third-Party Administrator as undeliverable, the Third-Party Administrator shall make one attempt to skip trace the individual(s) to locate their current mailing address.

6. The "Notice Period Commencement Date" shall be the date on which the Third-Party Administrator distributes the Notices to the Collective List. The Third-Party Administrator shall provide written notice to Plaintiff's Counsel and Unisys's Counsel on the same date that the Third-Party Administrator distributes the Notices, and, if any undeliverable notices are remailed after skip tracing, the same date of the re-mailing(s).

7. The individuals on the Collective List shall have sixty (60) calendar days from the Notice Period Commencement Date to submit their Consent to Sue forms (the "Opt-In Deadline").

8. The postmark date (for physical mail) and email response date (for email) will control for returned Consent to Sue Forms. Individuals submitting via facsimile shall do so by returning their fully executed Consent to Sue Form to the Third-Party Administrator's facsimile number provided on the Notice. For individuals who return a Consent to Sue form via multiple mediums, the earliest response date shall control for purposes of determining adherence to the Opt-in Deadline. Only individuals submitting Consent to Sue Forms by the Opt-In Deadline shall be eligible to join the collective action in this matter, unless Unisys consents otherwise or Plaintiff's Counsel makes an application to the Court demonstrating that good cause exists for accepting the untimely submission and the Court approves such late filing.

9. Undeliverable Notices requiring a re-mailing, as described above, shall be deemed timely if the Consent to Sue form is submitted within the Opt-In Deadline, or fourteen

(14) calendar days from the date of re-mailing, whichever is later. No re-mailing may be done after the Opt-In Deadline, unless the Third-Party Administrator first received notification that the initial Notices were undeliverable after the Opt-In Deadline. The Third-Party Administrator shall concurrently advise Counsel for Plaintiff and Counsel for Unisys of any undeliverable mail received after the Opt-In Deadline and may perform a skip trace to attempt to locate an updated address to send the duplicate Notice. The Third-Party Administrator shall complete skip tracing and send any duplicate Notice within five (5) calendar days of receiving notification of the undeliverable Notice. In no event, however, may either skip tracing or re-mailing occur after 74 days from the Notice Period Commencement Date.

10. Plaintiff's Counsel shall file each Consent to Sue form with the Court.

**IT IS SO ORDERED.**

Signed October 16, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge